SCRUGGS, et al. *v.* CLARK, et al.

Feb. 11, 1952.

No. 38232 (56 So. (2d) 805)

**W. Arlington Jones**, for appellants.

A. F. Kelly and T. Price Dale, for appellees.

Alexander, J.

Bill was filed by appellees to cancel a sand and gravel lease to appellants. The lease contained the following condition: "4. This lease contract shall remain in full force for said period of Ten (10) years from this date, provided said land shall yield sufficient sand and gravel to justify the mining of same for said period of time; but it is distinctly understood and agreed that operations by parties of the second part are to be continuous thereon

and that, if parties of the second part shall cease operations for a period of Thirty (30) days in succession, this contract shall at the end of said Thirty-day period be at an end; and all rights of the parties of the second part hereunder shall simultaneously cease, unless parties of the first part shall, before the expiration of said Thirty-day period, give their written consent to parties of the second part for such cessation of operations.''

The complainants alleged that this condition had been violated and the lease forfeited. Decree was entered sustaining the forfeiture and the lessees appeal.

The lessees entered upon the lands under the lease, having purchased expensive equipment to mine and transport sand and gravel. An important part of the equipment was a power drawn pump, a barge and a dragline. Lessees agreed to pay lessors a royalty of three cents per yard for all sand mined and five cents per yard for all gravel mined and sold on the leased lands.

Operations began promptly under the lease and substantial monthly payments of royalties were made to the lessors. These payments averaged about eighty dollars for the first two or three months. In February the lessees removed their dragline. The month preceding use of the pump was discontinued because of need of some repairs. The payments grew smaller after use of this equipment ceased and varied from $118.75 to $6.95. At the time of the lowest payments lessees were employing about twelve or fifteen men with hand shovels to load the materials mined. A stock pile was built up, the value of which was estimated at from five thousand to seven thousand dollars. Such a stock pile for filling orders remained on the land when a forfeiture was claimed by the lessors.

The issue whether there was a cessation of operations or whether the operation was continuous involves such consideration as common procedure and usages as well as the understanding of the parties. We do not find it necessary to decide this question or the controverted

issue whether the lessees had agreed to abandon the operations. Although the amount of the monthly royalties decreased, the lessors continued to accept these payments up to the very date their bill was filed, and even thereafter. It is contended that the acceptance and cashing of these checks results in an estoppel against the right of the lessors to assert a forfeiture.

■■ When a lessor accepts regular monthly royalties from the lessee with full knowledge of the nature and extent of the operations by the lessee, he is estoppd to claim a forfeiture. He thereby assents to the view that there has been no forfeiture and that the nature and extent of the operations of which he might otherwise complain are not in accordance with the lease. Koenig v. Calcote, 199 Miss. 435, 25 So. (2d) 763. See also 2 Summers, Oil & Gas (Perm. Ed.) Sec. 488.

Appellees reply that by acceptance of these monthly royalty payments, they were only receiving payment for their own minerals and that they were entitled to charge and receive payment for that which was theirs. ■■ This premise is faulty. They were not being paid for minerals taken by a trespasser; the checks covered the right of the lessees to mine them. They were for the right to mine and not for the minerals themselves. Thus they acknowledged the right of the lessees to produce and market these minerals whose value was greatly in excess of the nominal royalty payments.

We conclude therefore that the appellees are barred by estoppel to assert a forfeiture of the lease. The cause will, therefore, be reversed and the bill dismissed.

Reversed and decree here for appellants.

**Roberds, Hall, Arrington** and **Ethridge, JJ.**, concur.